IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SONDRA MARIE CHIPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00529-RK |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Sondra Marie Chipley's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). After careful consideration and for the reasons explained below, the Court **ORDERS** that the ALJ's decision is **REVERSED and REMANDED in part** and **AFFIRMED in part**.

### Background

Plaintiff filed a protective application for supplemental security income ("SSI") under Title XVI of the Social Security Act on December 1, 2020. (*See* Tr. at 15.) Following the denial of Plaintiff's claim, a hearing was held before an ALJ after which the ALJ issued an unfavorable decision on September 28, 2022. (Tr. at 12-27.) Plaintiff sought review by the Appeals Council and was denied. (Tr. at 1.) The ALJ's decision became the final decision of Defendant pursuant to 20 C.F.R. § 416.1484(a).

In the ALJ's decision, the ALJ conducted the required five-step sequential evaluation, *see* 20 C.F.R. § 416.920, and concluded Plaintiff was not disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date. (Tr. at 17.) At step two, the ALJ found Plaintiff had severe impairments of degenerative disc disease, obesity, major depressive disorder, generalized anxiety disorder, panic disorder, and posttraumatic stress disorder. (Tr. at 18.) At step three, the ALJ considered the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1, and concluded that Plaintiff did not have a listed impairment. (Tr. at 19.)

Prior to reaching step four, the ALJ determined Plaintiff's residual functional capacity ("RFC"). With regard to Plaintiff's mental RFC, which is at issue on appeal, the ALJ found Plaintiff

> can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can have occasional interactions with supervisor and co-workers; can have occasional and incidental interactions with the public; and can deal with occasional change in a routine work setting.

(Tr. at 20.) In making this determination, the ALJ considered the entire record including Plaintiff's statements regarding her symptoms, Plaintiff's daily activities, objective medical evidence, and medical opinions. (Tr. at 20-25.)

The ALJ found Dr. Charles Watson's and Dr. James Morgan's opinions partially persuasive. In particular, the ALJ found persuasive the portions of their opinions finding that Plaintiff "has moderate limitation in ability to understand, remember, carry out detailed instructions, maintain attention and concentration for extended periods, and interact appropriately with the general public or others." (Tr. at 24.) The ALJ found unpersuasive the portion of their opinions finding that Plaintiff "has marked limitation in the ability to respond appropriately to changes in the work setting," because the ALJ found it inconsistent with the rest of the record. (*Id.*) The ALJ found Dr. Jason Glass's opinion unpersuasive because, despite Dr. Glass examining Plaintiff, his opinion was inconsistent with his own examination records. (Tr. at 24-25.) However, the ALJ relied on Dr. Glass's examination itself in formulating the RFC. (Tr. at 25.)

At step four, the ALJ found Plaintiff had no past relevant work. (*Id.*) At step five, the ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform, relying on the testimony of a vocational expert ("VE") in doing so. (*Id.*) These jobs included:

> routing clerk, Dictionary of Occupational Titles ("DOT") Code 222.687-022, with a specific vocational preparation ("SVP") of 2, [reasoning level ("R") of 2,] light exertion, with approximately 316,300 jobs nationally; (2) marker, DOT Code 209.587-034, SVP2, [R2,] light exertion, with approximately 235,800 jobs nationally; and (3) collator operator, DOT Code 208.685-010, SVP2, [R2,] light exertion, with approximately 102,500 jobs nationally.

(Tr. at 26.) The ALJ concluded that Plaintiff had not been under a disability since the alleged onset date of disability. (*Id.*) Plaintiff appeals.

2

**Standard of Review**

The Court's review of the ALJ's decision to deny SSI is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ]'s conclusion.'" *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the ALJ's decision, as well as evidence that supports it." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)).

**Discussion**

### I. Mental RFC Determination

First, Plaintiff argues that the ALJ's mental RFC determination is not supported by substantial evidence. In particular, Plaintiff argues the ALJ's mental RFC determination is inconsistent with how persuasive the ALJ found the opinions of Dr. Watson and Dr. Morgan regarding Plaintiff's moderate limitation to understand and carry out detailed instructions, moderate limitation to concentrate for extended periods of time, and marked limitation in the ability to respond appropriately to changes in the work setting.

In determining a claimant's RFC, the ALJ must consider "all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (citation and quotation marks omitted). The Eighth Circuit has established that a claimant's RFC "is a medical question," therefore the ALJ's RFC assessment "must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation and quotation marks omitted).

Because this claim was filed in 2020, the revised regulations regarding medical opinions apply. Under those regulations, an ALJ is not required to adopt or give any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a). But an ALJ must explain how persuasive they find a medical opinion based on a number of factors, including the supportability and consistency of that opinion with the record. *See* 20 C.F.R. § 404.1520c(b)(1)-(2). "When an ALJ's assessment of medical sources directly conflicts with the claimant's RFC and the ALJ fails to explain that conflict, a limited remand may be appropriate for clarification if the error appears to have impacted the outcome." *Hickert v. Kijakazi*, No. 4:21-cv-00425-DGK, 2022 WL 2966882, at *2 (W.D. Mo. July 27, 2022) (collecting cases).

A. **Detailed Instructions and Concentration Limitations**

Plaintiff points out that Dr. Watson and Dr. Morgan opined that Plaintiff has a moderate limitation for understanding detailed instructions and a moderate limitation in the ability to concentrate for extended periods of time (opinions that the ALJ found persuasive), yet the ALJ did not include these limitations in the RFC. Defendant argues the ALJ does not have to include medical opinions verbatim and that "uninvolved" detailed instructions, of the type found in reasoning level two jobs, are not inconsistent with a detailed instructions limitation.

When questioning the VE or formulating the RFC, the ALJ is not required to use "specific diagnostic terms where other descriptive terms adequately describe a claimant's impairments." *See Young v. Apfel*, 221 F.3d 1065, 1069-70 (8th Cir. 2000) (finding "the notion of fatigue" was considered in the ALJ's statement that the claimant could "only sit for two to four hours at a time"). However, the Court is not convinced that the ALJ's RFC sufficiently incorporates either of the listed limitations through other descriptive terms. While the RFC provides that Plaintiff "can understand, remember, and carry out simple instructions," it seems unlikely the ALJ intended to incorporate the detailed instructions limitation in this phrase given the adoption of the VE's testimony that Plaintiff could perform reasoning level two jobs, which require understanding uninvolved, but nonetheless detailed, instructions. *See Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010) ("Only occupations with a reasoning development level of one necessarily involve only simple instructions. At reasoning development level two, occupations might necessitate applying 'commonsense understanding to carry out detailed but uninvolved . . . instructions.'"). Similarly, the Court cannot conclude that the RFC limitation to "simple instructions" incorporates the concentration limitation. *See, e.g.*, *Newton v. Chater*, 92 F.3d 688, 695-96 (8th Cir. 1996) (finding

4

a "simple jobs" limitation insufficient to incorporate claimant's "deficiencies of concentration" in a VE hypothetical).

Nor does the ALJ explain the exclusion of these limitations. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved" in assessing the RFC. SSR 96-8p, 1996 WL 374184 (July 2, 1996). Courts often remand when an "ALJ's assessment of medical sources directly conflicts with the claimant's RFC and the ALJ fails to explain that conflict." *Hickert*, 2022 WL 2966882, at *2; *see also Stafford v. Kijakazi*, No. 4:20-cv-1011-NKL, 2022 WL 358061, at *3 (W.D. Mo. Feb. 7, 2022) ("The ALJ has committed reversible error because she violated SSR 96-8p by both deviating from a medical opinion without explanation and failing to explain material inconsistencies in the record."); *McLaughlin v. Berryhill*, No. 6:17-cv-03386-RK, 2019 WL 1118556, at *2 (W.D. Mo. Mar. 11, 2019). There is a conflict between the omitted limitations and the RFC which the ALJ did not explain as required under SSR 96-8p. The RFC as written led the VE to testify Plaintiff could perform reasoning level two jobs, which require understanding uninvolved detailed instructions. This directly conflicts with the detailed instructions limitation opinions. Additional limitations in the RFC would affect which jobs the ALJ could find Plaintiff is able to perform at step five. Therefore, this error is not harmless. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.").

It is possible the ALJ considered these further limitations and excluded them for proper reasons, but given the absence of explanation, this Court cannot determine whether the omissions were supported by substantial evidence. For this reason, the Court finds remand is required. On remand, the ALJ should consider the detailed instructions and concentration limitations in Dr. Watson's and Dr. Morgan's opinions and should either incorporate those limitations into the RFC or explain why any excluded limitation was not adopted.

### B. Work Setting Adaption Limitation

Plaintiff also argues the omission of a marked limitation in the ability to respond appropriately to changes in the work setting was error. Unlike the detailed instructions and concentration limitations, the ALJ found the work setting adaption limitation portions of Dr. Watson's and Dr. Morgan's opinions unpersuasive. The ALJ found instead only a moderate limitation in work setting adaption. The ALJ relied on licensed clinical social worker ("LCSW")

5

progress notes from before the alleged onset date of Plaintiff's disability and Dr. Glass's examination of Plaintiff in concluding those portions of Dr. Watson's and Dr. Morgan's opinions were inconsistent with the overall record and thus unpersuasive.

Plaintiff first claims discounting these opinions was improper because the ALJ relied on an improper medical source, an LCSW report, in doing so. The Plaintiff correctly asserts a LCSW report does not count as a medical source. *See* 20 C.F.R. § 416.902(a)(1-8) (defining acceptable medical sources). However, in evaluating a medical opinion, the ALJ may consider the opinion's consistency with nonmedical sources. *See* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive . . . ."); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) ("[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively."). Moreover, such reports, despite being made before the alleged onset date of disability, were some of the best evidence of Plaintiff's mental state because Plaintiff did not see a counselor or psychologist during the period after the alleged onset date. *See Pyland v. Apfel*, 149 F.3d 873, 878 (8th Cir. 1998) ("[E]vidence concerning ailments outside of the relevant time period can support or elucidate the severity of a condition. However, evidence outside the relevant time period cannot serve as the only support.") (citation omitted). The LCSW reports predating the alleged onset date of disability are not the only support for the ALJ's conclusion.

Plaintiff also claims discounting the opinions was improper because the ALJ relied on Dr. Glass's examination in doing so. The ALJ found Dr. Glass's overall opinion unpersuasive because it was inconsistent with his own examination records. However, the ALJ stated in his decision that he was still considering Dr. Glass's examination itself in making the disability determination, which supports the moderate limitation for work setting adaption the ALJ found. (Tr. at 25.) The RFC is a medical question that "must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley*, 829 F.3d at 932. Dr. Glass's examination satisfies the requirement that the ALJ must rely on some medical evidence when formulating the RFC. *See* 20 C.F.R. § 416.902(a)(2) (licensed psychologist); *Cox*, 495 F.3d at 620 (holding "facts, observations, and medical conclusions" of a qualified medical professional provided sufficient medical evidence to support the ALJ's RFC determination). Here, the ALJ relied on Dr. Glass's observations and facts reported from the examination (despite discrediting Dr. Glass's overall opinion, which was inconsistent with this underlying medical examination).

The LCSW reports and Dr. Glass's examination itself were proper considerations when determining whether Dr. Watson's and Dr. Morgan's work setting adaption opinions were inconsistent with the record. The Court should not reweigh the evidence presented to the ALJ, and it does not do so here. *See Guilliams*, 393 F.3d at 801 (citing *Baldwin*, 349 F.3d at 555). Substantial evidence supports the ALJ finding the marked limitation for work setting adaption portions of Dr. Watson's and Dr. Morgan's opinions unpersuasive. The ALJ properly accounted for a moderate limitation in work setting adaption in the RFC stating Plaintiff "can deal with occasional change in a routine work setting," where "occasional" is defined as up to 1/3 of the time.

### C. Plaintiff Credibility Determination

Plaintiff also argues the mental RFC determination is not supported by substantial evidence because the ALJ improperly discredited Plaintiff's subjective complaints of impairment. Plaintiff alleged that, as a result of her depression, anxiety, and PTSD, she has "difficulty being in crowded places because her anxiety makes her feel paranoid, difficulty dealing with people, flashbacks, poor sleep, irritability, low energy, feelings of worthlessness, and fatigue." (Tr. at 22.) The ALJ considered these reports, but disagreed with Plaintiff's representation of the intensity, persistence, and limiting effects of her symptoms.

Discrediting Plaintiff's subjective complaints was consistent with the record and supported by substantial evidence. *See Bryant v. Colvin*, 861 F.3d 779, 782 (8th Cir. 2017) ("[S]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole.") (citation omitted). The ALJ considered mental status reports, finding that "while mental status examinations at times note the claimant to have depressed and anxious mood, they otherwise generally reveal her to be alert and oriented; calm; cooperative; interactive; in no acute distress; with appropriate mood." (Tr. at 22.) Considering the Plaintiff's daily activities was also proper in determining whether Plaintiff's complaints were credible. 20 C.F.R. § 416.929(c)(3)(i); *see also Clevenger v. SSA*, 567 F.3d 971, 976 (8th Cir. 2009). The ALJ noted Plaintiff could take care of her daughter, perform household chores, drive independently, and manage finances. (Tr. at 23.) The ALJ also noted Plaintiff's limited work history and low earnings prior to the alleged onset date. *See, e.g.*, *Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (noting sporadic work and low earnings "suggest[] a lack of motivation to work" and "raise[] some questions as to whether the current unemployment is truly the result of medical problems"). Thus, the ALJ's credibility determination regarding Plaintiff's subjective reports was supported by substantial evidence.

7

The omission of a marked work setting adaption limitation was supported by substantial evidence, as was the ALJ's credibility determination regarding Plaintiff's subjective complaints. These issues need not be reconsidered on remand, and the Court affirms the ALJ's decision on these points. The Court nevertheless finds remand on the issue of Plaintiff's mental RFC necessary because of the ALJ's failure to incorporate, or explain the omission of, the detailed instructions and concentration limitations Dr. Watson and Dr. Morgan noted in their opinions.

## II. Step Five

Second, Plaintiff argues that the Commissioner failed to satisfy the burden to prove Plaintiff retains the capacity to do other work in the national economy at step five, because the ALJ's decision was based on VE testimony elicited through hypotheticals which omitted a number of Plaintiff's limitations. If a hypothetical posed to a VE does "not contain all of [the claimant's] limitations and impairments, the VE's testimony cannot be viewed as substantial evidence that [claimant] is able to perform other work in the national economy." *Gann v. Berryhill*, 864 F.3d 947, 953 (8th Cir. 2017). As discussed above, the RFC omits limitations expressed in medical opinions that the ALJ found persuasive. The omission of the detailed instructions limitation in particular impacts all three of the jobs the VE listed, which each require the ability to understand uninvolved, detailed instructions. Therefore, this error is not harmless. *See, e.g.*, *Shay v. Comm'r*, No. 4:18-cv-00970-RK, 2020 WL 30326, at *2 (W.D. Mo. Jan. 2, 2020) (citing *Thorpe v. Berryhill*, No. 3:18-cv-05083-RK, 2019 WL 5423026, at *2 (W.D. Mo. Oct. 23, 2019)). Upon remand, if the ALJ reviews the medical opinions and includes additional limitations in the RFC, these limitations must be considered when determining which jobs Plaintiff can perform in the national economy at step five.

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that the ALJ's decision is **REVERSED and REMANDED in part** and **AFFIRMED in part** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 10, 2024